PROB 12B
(7/93)

# United States District Court

## for

## District of New Jersey

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Corey Tucker                                      Cr.: 98-00189-001

Name of Sentencing Judicial Officer: Honorable William H. Walls

Date of Original Sentence: 09/08/98

Original Offense: Possession of Counterfeit Reserve Notes

Original Sentence: 10 months imprisonment, 3 years supervised release

Type of Supervision: Supervised Release                    Date Supervision Commenced: 05/23/03

## PETITIONING THE COURT

[ ]   To extend the term of supervision for          Years, for a total term of          Years.

[X]   To modify the conditions of supervision as follows. The addition of the following special condition(s):

The defendant is to be confined to his residence for a period of 4 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.26 per day.

## CAUSE

On May 20, 2004, the offender was arrested by the Ewing, New Jersey Police Department and charged with Hindering Apprehension after he presented a counterfeit New Jersey Driver's License in the name of his friend Ricky Sullivan. He failed to contact the Probation Office following his arrest and did not disclose such until his scheduled report date of June 14, 2004. The defendant was also arrested by the Hamilton, New Jersey Police Department on March 3, 2005. He was charged with Theft by Deception and Forgery by Altering. Such charges remain pending in the Municipal Courts of Ewing and Hamilton, New Jersey, respectively, as of the writing of this report.

The defendant was also arrested on November 20, 2004, and charged with Possession of Forgery Devices and Possession of Forged/Altered Receipts. Such charges were subsequently dismissed in the Municipal Court of Ewing on May 9, 2005.

On July 13, 2004, the offender brought a letter addressed to an inmate at Garden State Youth Correctional Facility to his meeting with the probation officer. The envelope was observed and the offender advised it was a letter to his cousin. Further analysis of this letter revealed such was not the offender's first contact with this inmate. The offender never sought nor was he ever granted permission to engage in such contact with a convicted felon. Furthermore, in his letter, the offender advised the inmate he was questioned by a Detective regarding new criminal contact and his involvement in such. The offender failed to advise the probation officer of such contact and when questioned about such following the revelation, the offender could not recall the name and/or agency from which this law enforcement contact stemmed.

The offender has been repeatedly instructed to contact the Probation Officer and leave a detailed message regarding his whereabouts, in the event he spends the night away from the address of record, due to the probation officer's continuous inability to make contact with the offender at the address of record. The offender has never left a message or advised of such. Multiple contacts with the offender's mother and step-father, Joyce and Larry Nixon, have confirmed the offender does not spend each night at home.

The offender failed to report as directed on the following occasions: September 8, 2003, December 8, 2003, March 8, 2004, March 11, 2004. September 15, 2004, December 17, 2004, and most recently on June 13, 2005, and July 18, 2005. He has also remained unemployed since July 2004, despite several directives to obtain full-time employment.

Respectfully submitted,

By: Maryellyn Muller
U.S. Probation Officer
Date: 08/16/05

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] The Extension of Supervision as Noted Above
[ ] No Action
[ ] Other

Signature of Judicial Officer

Date

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel,' I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows. The addition of the following special condition(s):

The defendant is to be confined to his residence for a period of 4 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.26 per day.

Witness: _____
U.S. Probation Officer
Maryellyn Muller

Signed: _____
Probationer or Supervised Releasee
Corey Tucker

08/16/05
DATE